UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

......................................................................................x

JOSEPH GUGLIELMO, on behalf of himself
and all others similarly situated,

                                        Plaintiffs,

-against-                                                        Case No.: 1:20-cv-05183-PAE-SDA

AROMATIQUE INTERNATIONAL LLC,

                                        Defendant.

......................................................................................x

## PROPOSED CONSENT DECREE

1.      This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff, Joseph Guglielmo ("Plaintiff"), and Defendant, Aromatique, Inc. (incorrectly named in the Complaint as Aromatique International LLC) ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2.      Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3.      Plaintiff filed this lawsuit in the U.S. District Court for the Southern District of New York entitled *Joseph Guglielmo, on behalf of himself and all others similarly*

*situated v. Aromatique International LLC* (Docket No. 1:20-cv-05183-PAE-SDA) (the "Action"). The Plaintiff alleged that Defendant's website: www.aromatique.com (the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and the New York City Human Rights Law ("NYCHRL").

4.     Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.     This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6.     This Consent Decree is entered into by the Plaintiff, individually.

## JURISDICTION

7.     Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a service, privilege, or advantage of the Defendant's physical location, thus rendering it a public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that its Website is a public accommodation or a place of public accommodation or are otherwise subject to Title III of the ADA.

8.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

9.     Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the

2

Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint.  In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

10.     Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11.     Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 16 through 22 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Website - as though they are collectively a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website related operations.

## TERM

12.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for twenty-four (24) months from the Effective Date.

## GENERAL NONDISCRIMINATION REQUIREMENTS

13.     Pursuant to the terms of this Consent Decree, Defendant:

      a.  Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit

3

from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c. shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA – SPECIFIC RELIEF TO THE PLAINTIFF

14. Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the United States facing portion of the Website, (including all pages therein and linked to therefrom), according to the following timeline and requirements, provided that the following dates will be extended in the instance that the Department of Justice releases regulations concerning website accessibility under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

4

a. Within twenty four (24) months of the Effective Date, the Defendant shall ensure that the United States facing portion of the Website, if in existence, substantially conform to the Web Content Accessibility Guidelines 2.0 Level AA Success Criteria ("WCAG 2.0 AA") in such a manner so that the Website will be accessible to persons with disabilities as set forth in Paragraph 20 below.

b. Defendant shall not be responsible for ensuring that portions of the Website directed to countries other than the United States and/or third-party content or plug-ins whose coding is not solely controlled by Defendant but are otherwise located on the Website or linked to from the Website, are accessible or otherwise conform to WCAG 2.0 AA.

## **PROCEDURES IN THE EVENT OF DISPUTES**

15.    As a condition precedent of seeking Court enforcement of any claimed breach of the Consent Decree, the party claiming a breach must exhaust the following procedures set forth in paragraphs 16 through 20.

16.    If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, that party shall provide the other party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating Party. All

5

notifications must include the above information in reasonable detail and be sent to the Party as specified in paragraph 20.

17.     Within sixty (60) days of either Party receiving notice as described in Paragraph 16, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

18.     If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 17, then the party claiming a breach of the Consent Decree may seek the Court's enforcement

19.     Any of the time periods set forth in Paragraphs 16 through 18 may be extended by mutual agreement of the Parties.

20.     Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:          Yaakov Saks, Esq.
                        STEIN SAKS, PLLC
                        285 Passaic Street
                        Hackensack, NJ 07601
                        Tel: (201) 282-6500
                        Fax: (201) 282-6501
                        ysaks@steinsakslegal.com

For DEFENDANT:          Joseph J. DiPalma, Esq.
                        JACKSON LEWIS P.C.
                        44 South Broadway, 14th Floor
                        White Plains, New York 10601
                        Tel: (914) 872-6920
                        Fax: (914) 946-1216
                        Joseph.DiPalma@jacksonlewis.com

**MODIFICATION**

21.     No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

**ENFORCEMENT AND OTHER PROVISIONS**

22.     The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

23.     This Consent Decree contains the entire agreement between the Plaintiff and the Defendant concerning the Action, other than the terms of a settlement agreement by and between the Parties that is not incorporated herein by reference, and no other statement, promise, or agreement, either written or oral, made by any Party or agent of any Party, that is not contained in this Consent Decree, shall be enforceable.

**PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

24.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities as defined by the ADA, indicating those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

25.     The signatories represent that they have the authority to bind the respective Parties, Plaintiff and Defendant to this Consent Decree.

**CONSENT DECREE HAS BEEN READ**

26.     Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

JOSEPH GUGLIELMO

Dated: _____9-3-2020_____     By: _____
                                   Joseph Guglielmo

AROMATIQUE, INC.

Dated: _9-10-2020_     By: _____
                           Stephen G Lawrence
                       Its: _____CEO_____

APPROVED AS TO FORM AND CONTENT:

                                   STEIN SAKS, PLLC

Dated: _____9/3/20_____     By: _____
                            David Force, Esq.
                            STEIN SAKS, PLLC
                            285 Passaic Street
                            Hackensack, NJ 07601
                            Tel: (201) 282-6500
                            Fax: (201) 282-6501
                            dforce@steinsakslegal.com

                                   JACKSON LEWIS, P.C.

Dated: _____9/3/20_____     By: _____
                            Joseph J. DiPalma, Esq.
                            44 South Broadway, 14th Floor
                            White Plains, NY  10601
                            Email:  Joseph.DiPalma@jacksonlewis.com
                            Phone:  914-872-6920

8

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1)    This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2)    The provisions of this Consent Decree shall be binding upon the Parties;

3)    Entry of this Consent Decree is in the public interest;

4)    This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5)    This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at _____ this ____ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF

9